# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

COX, EDWARD and FIELDING-COX, CINDY

    Plaintiff(s),

v.

UNTIED SERVICES AUTOMOBILE ASSOCIATION

    Defendant(s).

_____

## COMPLAINT AND JURY DEMAND
_____

COMES NOW Plaintiff, Edward Cox and Cindy Fielding-Cox ("Plaintiff"), complaining of Defendant, United Services Automobile Association ("USAA"), and files this Complaint and Jury Demand and would respectfully show the Court the following:

### I. PARTIES.

1. Plaintiff Edward Cox is a resident and citizen of Colorado residing at 20355 E. Maplewood Pl., Centennial, CO 80016.

2. Plaintiff Cindy Fielding-Cox is a resident and citizen of Colorado residing at 20355 E. Maplewood Pl., Centennial, CO 80016.

3. Defendant USAA is a Texas corporation with a principal place of business at 9800 Fredericksburg Road, San Antonio, Texas 78288.

4. Defendant USAA is not a citizen of Colorado.

5. Defendant USAA may be served with process by way of its registered agent, on record with the Colorado Department of Regulatory Agencies, Division of Insurance, as

of October 7, 2022, to wit: Corporation Service Company, 1900 W. Littleton Blvd., Littleton, CO 80120-2023.

## II. VENUE AND JURISDICTION.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. Plaintiff is a citizen of Colorado residing in Centennial, Colorado at all times relevant to this case; all activities alleged herein occurred in Arapahoe County; and USAA is licensed to transaction business in the State of Colorado.

7. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332 because the events giving rise to this petition occurred in this district and the subject property is in Arapahoe County. Defendant USAA is a corporation incorporated and domiciled in Texas and does not have its principal place of business in Colorado. Plaintiff is a citizen of Colorado. The amount in controversy exceeds $75,000.00.

8. All of the acts described in this Complaint occurred in the State of Colorado under Colorado law and involve an insurance policy governed by Colorado law.

## III. FACTUAL ALLEGATIONS.

9. This is an insurance claim dispute case arising from USAA's refusing to provide full benefits to Plaintiff based on USAA's wrongful investigation.

10. Plaintiff brings this action seeking economic and non-economic damages related to USAA's breach of contract, bad faith breach of insurance contract, and statutory claims pursuant to C.R.S. §10-3-1115 and §10-3-1116, arising from USAA's failure to properly investigate Plaintiff's claim and USAA's unreasonable delay and failure to pay covered benefits, in full, due and owing to Plaintiff under its insurance policy.

11.     Plaintiff sought and obtained an Insurance Policy, Policy Number 019842335/90A (the "Policy") for its property located at 20355 E. Maplewood Pl., Centennial, CO 80016. (the "Property"). The Policy period was from May 28, 2020, through May 28, 2021. Plaintiff invested in this insurance product and service from USAA for coverage intended to protect the Property from certain property and casualty perils.

12.     Plaintiff purchased coverage benefits from USAA by making premium payments.

13.     In exchange for the premiums paid by Plaintiff, USAA promised to perform according to the terms and provisions of the Policy.

14.     Under the Policy, USAA agreed to pay for direct physical loss or damage to the Property caused by risks of direct physical loss or damage unless otherwise limited or excluded and to pay all amounts owed for such losses.

15.     On or about June 19, 2018, during a prior policy period, a storm/wind/hail event occurred at Plaintiff's Property resulting in significant damage to the Property.  An Insurance claim was filed for these damages (claim # 019842335-15), for which USAA issued a settlement Letter on or about November 1, 2018. Thereafter, the necessary repairs were made by a contractor hired by Plaintiff, All Starr Roofing ("All Starr") with substantial completion of the repairs being on or about November 10, 2018.

16.     On or about January 1, 2019, during a prior policy period, a water intrusion loss occurred at Plaintiff's Property through a detached a roof exhaust vent for the master bathroom, resulting in significant damage to the Property.  An Insurance claim was filed for these damages (claim # 019842335-19), for which USAA issued a settlement Letter on or about January 28, 2019. From January 1, 2019 – March 28, 2019 (date of substantial completion of the repairs associated with claim # 019842335-19) mitigation,

remediation and repair work was performed by 3H2O, Inc. d/b/a Servpro of Denver East (a recommended contractor of USAA), Ascend Environmental, LLC (a recommended contractor of USAA), Repairs Unlimited, Inc. (a recommended contractor of USAA), and All Starr.

17. On January 3, 2021, Plaintiff discovered water damage at Plaintiff's Property that manifested in dripping water on the back deck from the attic/soffit and water stains to the ceiling of the master bedroom and bathroom.

18. The damage to the Property constituted covered losses under the Policy.

19. In accordance with the Policy, Plaintiff properly reported the covered losses and damage to USAA and made a claim for the loss and damage to the Property on or about January 4, 2021. Claim number 019842335-021 was assigned to the claim.

20. On January 5, 2021, Plaintiff engaged All Starr to inspect the attic and roof to locate the source(s) of the water intrusion, during which inspection, All Starr installed additional roof vents to help mitigate a venting theory.

21. On January 14, 2021, All Starr deployed an engineer, Crown Jade Engineering, to inspect the damage to the Property, for which an inspection report was never provided by Crown Jade.

22. On February 25, 2021, Plaintiff received a letter from USAA stating that Plaintiff's Policy with USAA was being terminated, due to Plaintiff's claims history, effective May 28, 2021.

23. On or about March 7, 2021, at All Starr's request, All Starr was joined by Michael Mayer of Blue Raccoon Consulting Group, LLC to conduct an inspection of the Property.

24. On April 13, 2021, USSA informed Plaintiff that USAA was cancelling its scheduled inspection of the Property.

25. On April 20, 2021, Plaintiff provided USAA with a scope of work and estimate for repairs and supporting documentation.

26. On April 23, 2021, USAA finally inspected the property, by and through its representative, Scott Kissinger, of Alacrity Solutions Group, LLC.

27. On April 26, 2021, USSA issued a letter to Plaintiff acknowledging that "this type of loss is covered under your Homeowners policy," however USAA found the amount of the loss, in its opinion, to be below the deductible required by the Policy.

28. Concluding that Plaintiff and USAA were at an impasse with regard to the amount of the loss, on May 21, 2021, Plaintiff made a formal, written demand for appraisal to USAA, naming Michael Mayer as its appraiser ("Mayer").

29. On May 25, 2021, USAA provided notification to Plaintiff that it was accepting appraisal and named Matt Cahill of JS Held as its appraiser ("Cahill"), to determine the amount of loss. However in this notification, USAA appears to attempt to artificially, and without authority in the Policy to do so, limit the scope of the appraisal to "the interior and exterior damages as it pertains to the dwelling as a result of a sudden and accidental roof leak occurrence," signaling that USAA would not be considering consequential damages or ensuing losses that are also tied to damage sustained to the Property.

30. Mayer and Cahill reached an impasse as to both the amount of the loss and the selection of an Umpire, and USAA proceeded with filing a Petition to Appoint Umpire and Order Itemized Appraisal Award in the Arapahoe County District Court in Cause # 2021CV031355 on August 6, 2021.

31. On November 10, 2021, Arapahoe County District Court in Cause # 2021CV031355, entered default against Plaintiff regarding a Petition to Appoint Umpire and Order Itemized Appraisal Award.

32. On November 15, 2021, Arapahoe County District Court in Cause # 2021CV031355, appointed Daniel F. Wilkins as umpire to participate as the third member of the appraisal panel to evaluate the amount of loss for the Claim.

33. At some point Daniel F. Wilkins resigned from or was expressed an inability to participate on, the appraisal panel, and on December 17, 2021, Eric Brown, of Kodiak Claims Consulting, LLC was appointed as the replacement umpire by Arapahoe County District Court in Cause # 2021CV031355.

34. In an obviously inequitable way, Matt Cahill and Eric Brown ultimately placed artificial limits on the appraisal process at the direction of USAA, arriving at an amount of loss evaluation that is significantly less than that necessary to indemnify and make Plaintiff whole for the damages sustained by the Property related to this Claim.

35. Furthermore, Plaintiff is informed, in writing, that Eric Brown is not impartial, and therefore may not legitimately act as appraiser, and especially not as umpire, regarding this Claim, as he has an ongoing business relationship with USAA for which he is paid handsomely, establishing a conflict of interest, bias, and partiality.

36. USAA's handpicked umpire, Eric Brown, further delayed the claim process, by refusing to engage in completion of the appraisal process until payment of a second invoice from Eric Brown was made by Plaintiff.

37. On July 7, 2022, with the artificial restrictions placed on the appraisal by USAA and carried out by Matt Cahill and Eric Brown in fealty to USAA, an appraisal award

signed by Cahill and Brown was issued in the amount of $20,854.11, for which, after deduction of a $5,000.00 deductible, Cox has been paid $15,854.11.

38.     Rather than properly investigate, adjust, and pay for the damages to Plaintiff's Property pursuant to the terms of the Policy, USAA unreasonably delayed and denied payment of covered policy benefits and have attempted to rely on a biased, artificially conditioned and/or restricted, and predetermined appraisal outcome to justify same.

39.     Plaintiff has and continues to suffer damages, including, but not limited to unpaid covered policy benefits unreasonably delayed and denied by USAA.

40.     USAA refused to properly adjust the losses and thereby compelled Plaintiff to become engaged in litigation to enforce the provision of the Policy.

41.     USAA did not attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim, even after liability became reasonably clear.

42.     To date, USAA has not paid Plaintiff's claim in full.

43.     USAA failed to properly investigate and adjust Plaintiff's loss.

44.     USAA's conduct described above was willful and wanton and done heedlessly and recklessly without regard to the consequences of Plaintiff .

45.     USAA knew or should have known that its actions as described above were unreasonable. USAA acted unreasonable and with knowledge of or reckless disregard to its unreasonableness and caused damages which result from its bad faith.

46.      In relevant part, the Policy contains an appraisal provision that provides:

> **Appraisal.** If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The

appraisers will separately set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

Each party will:

    a. Pay its own appraiser; and
    b. Bear the other expenses of the appraisal and umpire equally.

Any fees for expert witnesses or attorneys will be paid by the party who hires them. Neither the umpire nor the appraisers will have a financial interest that is conditioned on the outcome of the specific matter for which they are called to serve.

This is not a provision providing for or requiring arbitration. The appraisers and umpire are only authorized to determine the "actual cash value," replacement cost, or cost to repair the property that is the subject of the claim. They are not authorized to determine coverage, exclusions, conditions, forfeiture provisions, conditions precedent, or any other contractual issues that may exist between you and us. The appraisal award cannot be used by either you or us in any proceeding concerning coverage, exclusions, forfeiture provisions, conditions precedent, or other contractual issues. However, once contractual liability is admitted or determined, the appraisal award is binding upon you and us. This appraisal process and authority granted to the appraisers and the umpire can only be expanded or modified by written mutual consent signed by you and us.

47. There is no dispute that a valid appraisal provision exists.

48. A dispute does exist with regards to the amount of loss, specifically the cost to repair the damages, including consequential damages and ensuing losses, caused by storm created opening(s) and/or water intrusion.

## IV. FIRST CLAIM FOR RELIEF
### (Breach of Contract)

49. Plaintiff incorporates by reference all allegations contained in the paragraphs above as if fully set forth herein.

50. As set forth above, Plaintiff and USAA entered into a valid, binding, and enforceable contract for insurance which covered the losses alleged herein.

8

51.     USAA's underpayment and denial of benefits constituted a wrongful failure to pay Plaintiff, its insured, for the covered loss under the Policy and constituted a breach of the insurance contract.

52.     Plaintiff fully complied with all the provisions of the contract, including without limitation paying premiums in a timely fashion and complying with all provisions governing claims and loss.

53.     USAA's underpayment and denial of Plaintiff's claim constitutes a breach of the insurance contract and is a breach of Plaintiff's reasonable expectations concerning the coverage it would receive under the Policy.

54.     USAA's refusal to properly adjust the loss constitutes a breach of the insurance contract and is a breach of Plaintiff's reasonable expectations concerning the coverage it would receive under the Policy.

55.     USAA's failure to conduct a reasonable investigation constitutes a breach of the insurance contract.

56.     USAA's failure to pay covered policy benefits constitutes a breach of the insurance contract.

57.     By failing to honor the promises made to Plaintiff in the insurance policy, USAA has breached its contract with Plaintiff.

58.     By placing artificial conditions and/or restrictions on the appraisal process and utilizing an appraiser and/or umpire that is biased and not impartial, USAA has breached its contract with Plaintiff.

59.     USAA's breach of the insurance contract was and is the direct cause of damage to Plaintiff, including, without limitation: (1) loss of Policy benefits owed to indemnify

Plaintiff for the entire loss; (2) costs to repair, restore, and/or replace the significant damage to Plaintiff's Property, and future costs to remediate such damage; (3) incidental and consequential damages, within the contemplation of the parties in the event of breach; and/or (4) other expenses incurred as a result of USAA's breach of its contractual obligations, including costs and fees.

60. As a result of USAA's breach of contract and refusal to honor the terms of the Policy, Plaintiff has suffered and continues to suffer damages. Therefore, Plaintiff is entitled to judgment in its favor and against USAA, on its First Claim for Relief for compensatory damages for its losses, including prejudgment interest, costs, and reasonable attorneys' fees in accordance with the applicable law.

## V. SECOND CLAIM FOR RELIEF
**(Bad Faith Breach of Insurance Contract)**

61. Plaintiff incorporates by reference all allegations contained in the paragraphs above as if fully set forth herein.

62. Under Colorado law, USAA had a duty to act reasonably and in good faith in the handling of Plaintiff's claim and in the payment of Plaintiff's insurance claim, including the obligation to act with ordinary, reasonable diligence in investigating the claim submitted by Plaintiff and in determining the amounts due and owing under the Policy in question, and the pay all amount due and owing.

63. USAA overlooked material facts and a more thorough investigation would have produced relevant information.

64. USAA placed artificial conditions and/or restrictions on the appraisal process and utilizing an appraiser and/or umpire that is biased and not impartial, breaching its duty of good faith to Plaintiff.

65. USAA should have known that its conduct was unreasonable and/or USAA recklessly disregarded the fact that its conduct was unreasonable.

66. USAA breached its duty to act reasonably and duty of good faith and fair dealing by, inter alia, (1) failing to conduct a reasonable and timely investigation of the facts and law applicable to this matter; (2) failing to consider all information relevant to the claim; (3) failing to offer to pay Plaintiff an amount which it otherwise concluded to be a fair and reasonable amount for its losses; (4) favoring its interests to the exclusion of Plaintiff; (5) failing to effectuate prompt, fair and equitable resolution of Plaintiff's claim after liability had become clear; (6) compelling Plaintiff to institute litigation to recover amounts due; and (7) otherwise unreasonably and improperly handling Plaintiff's claim as provided for by C.R.S. § 10-3-1104. USAA's artificial conditions and/or restrictions on the appraisal process and utilizing an appraiser and/or umpire that is biased and not impartial are further breaches of this duty of good faith.

67. Plaintiff is entitled to judgment in its favor and against USAA, on its Second Claim for Relief for compensatory damages for its losses, including prejudgment interest, costs, and reasonable attorneys' fees in accordance with the applicable law.

### VI. THIRD CLAIM FOR RELIEF
### VIOLATION OF C.R.S. §10-3-1115 AND §10-3-1116
### (Unreasonable Delay and Denial of Payment of Covered Benefits)

68. Plaintiff incorporates by reference all allegations contained in the paragraphs above as if fully set forth herein.

69. Plaintiff incurred a covered loss under the Policy and subsequently submitted a claim for that loss to USAA.

70. The damages sustained to Plaintiff's Property is covered by the Policy and Plaintiff is owed covered benefits under the Policy.

71. Under C.R.S. § 10-3-1115, an insurer who delays or denies payment to an insured without a reasonable basis for its delay or denial is in breach of the duty of good faith and fair dealing.

72. USAA delayed and denied payment of covered benefits without a reasonable basis for its action. USAA's artificial conditioning and/or restricting of the appraisal process and utilizing an appraiser and/or umpire that is biased and not impartial is further unreasonable delay on the part of USAA.

73. In breach of its duty to Plaintiff, USAA, without a reasonable basis, delayed and denied benefits owed to Plaintiff by engaging in the following conduct: (1) refusing to timely and fully pay its insured for the full cost of covered damage to the insured premises; (2) mispresenting pertinent facts and policy provisions related to coverage at issued by adopting inconsistent and baseless coverage positions; (3) failing to conduct a fair, timely, and thorough investigation of Plaintiff's claim; (4) conducting a biased and outcome-oriented investigation through the use of third parties; (5) delegating its duty to adjust the loss to an unqualified and/or biased third party; (6) denying coverage based on incorrect facts and unsubstantiated speculation; (7) refusing to reconsider its coverage position, even when facts that undermined the basis of its denial became evident; and (8) paying less than the full amount owed in the claim as well as artificially conditioning and/or restricting the contractual appraisal provision, and utilizing an appraiser and/or umpire that is biased and not impartial, thereby forcing the insured to institute litigation, and incur the fees and costs associated therewith, simply to recover what was properly owed.

74. As a direct and proximate result of USAA's actions, Plaintiff has: (1) not received all Policy benefits owed to indemnify it for the entire loss; (2) incurred and will incur in the future costs to repair, restore and/or Defendant the significant property damage; (3) suffered and will continue to suffer incidental and consequential damages, within the contemplation of the parties in the event of breach; and (4) suffered and will continue to suffer other expenses incurred as a result of USAA's unfair methods of competition and unfair or deceptive acts or practices in the business of insurance, including the fees and costs necessary incurred for litigation.

75. C.R.S. §10-3-1116 authorizes a first-party claimant, like Plaintiff, whose claim for payment of benefits has been unreasonable delayed or denied, to bring an action in district court to recover reasonable attorney fees, court costs and two times the covered benefit.

76. USAA has unreasonably denied or delayed payment to Plaintiff in violation of C.R.S. §10-3-1115.

77. Therefore, Plaintiff is entitled to judgment in its favor and against USAA on its Third Claim for Relief as authorized by applicable and entitled to two times the covered benefits, attorneys' fees, and costs pursuant to C.R.S. §10-3-1116, together with pre- judgment interest.

          Respectfully submitted,

          **LINDSEY LAW, PLLC**

          By: */s/ Travis R. Lindsey*
          Travis R. Lindsey
          Lindsey Law, PLLC
          15501 N. Adeline Ln.
          Spokane, WA 99208
          Telephone: 855.472.6525
          Facsimile: 888.938.1717
          Email: travis@lindseypllc.com

          ATTORNEY FOR PLAINTIFF(S)

Address of Plaintiff(s):

20355 E. Maplewood Pl.
Centennial, CO 80016

Case No. 1:22-cv-02684-NRN   Document 1   filed 10/12/22   USDC Colorado   pg 14 of 14